IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:09-CR-0211 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **ROBERT L. NELSON,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

Presently before the court are five requests (Docs. 226, 227, 230, 236, 237) and six motions for various relief (Docs. 225, 228, 229, 231, 232, 235), filed *pro se* by defendant Robert Nelson. For the reasons set forth below, the court will deny all requests and motions.

I. **Background**

Defendant Robert Nelson ("Nelson") was indicted on July 1, 2009. (See Doc. 1). Originally, Nelson received court-appointed counsel to prepare his defense, however, Nelson was dissatisfied with his representation. (Doc. 14). Between the time of his indictment and the date set for commencement of trial, the court appointed three different attorneys to represent Nelson. Nelson found fault with all three, alleging that they were assisting the government in concealing and altering evidence of purported outrageous government misconduct. On November 5, 2010, after removing Nelson's third court-appointed counsel, the court ordered Nelson to proceed *pro se* and scheduled trial for December 6, 2010. (Doc. 166). On the morning trial was set to commence, Nelson decided to plead guilty to the three-count superseding indictment. (See Docs. 195, 196).

Ten days later, on December 16, 2010, Nelson filed a motion to withdraw his guilty plea. (Doc. 202). The court conducted a hearing on the motion on February 10, 2011, and by Memorandum and Order of the court dated March 11, 2011, the court denied Nelson's motion to withdraw his guilty plea. (Doc. 219). In an abundance of caution for the defendant's rights, on March 14, 2011, the court appointed a fourth counsel for Nelson for sentencing purposes only. (Doc. 220).

Nelson filed a *pro se* notice of appeal on March 21, 2011. (See Doc. 224). Nelson's fourth counsel, Laurence Kress, Esquire, entered his appearance on behalf of Nelson for the appeal. The Third Circuit Court of Appeals, noting that Nelson's appeal is premature, stayed the appeal pending sentencing and entry of final judgment of conviction by this court. United States v. Nelson, No. 11-1746 (3d Cir. 2011). Nonetheless, the Third Circuit requested various transcripts in anticipation of the appeal.

In addition to filing the notice of appeal, from March 21st to March 25th, Nelson filed the eleven requests and motions presently before the court. (Docs. 225, 226, 227, 228, 229, 230, 231, 232, 235, 236, 237). The requests and motions include: a motion for stay of execution (Doc. 226), a motion for arrest of judgment/new trial (Doc. 225), motions for extensions of time (Docs. 232, 235), motions and requests to preserve phone records and investigative notes (Docs. 228, 230, 231), requests for transcripts (Docs. 227, 229, 236), and a request for a certificate of necessity. (Doc. 237). On April 6, 2011, Nelson's counsel requested transcripts of virtually all the hearings held in this case. (Docs. 238, 239).

## II. Discussion

The court notes at the outset that Nelson is currently represented by counsel, and has been since March 14, 2011. (Doc. 220). Accordingly, the court may deny all of Nelson's *pro se* requests and motions, filed without the assistance of counsel, on that basis alone. See United States v. D'Amario, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and pro se . . . ."); see also United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006). The court will, however, briefly address the merits of the various requests and motions.

### A. Requests for Transcripts

Nelson requests transcripts of numerous proceedings held before this court in order to prepare his appeal. (See Docs. 227, 237). Nelson also requests that this court forward these transcripts to the Third Circuit "in original form." (Doc. 229). Nelson's counsel has since filed transcript purchase order requests for the same transcripts with both this court and the Third Circuit. (See Docs. 238, 239; see also United States v. Nelson, No. 11-1746, Orders of April 4, 2011, and April 6, 2011). Nelson's requests are redundant, and, therefore, denied.

### B. Motions for Extension of Time

Nelson requests addition time to file supplemental issues for his arrest of judgment/new trial motion. (Doc. 232). There is no basis for Nelson's arrest of judgment/new trial motion, see Part II.D infra, thus, an extension of time to brief that motion is unwarranted, and denied. Additionally, Nelson requests an

3

extension of time to file his appeal. (Doc. 235). He asserts that he intends to seek an interlocutory appeal of this court's order denying his motion to withdraw guilty plea and that he believes this court should recuse itself based upon bias and prejudice. (Id. ¶¶ 3, 4). The court will deny this motion for three reasons. First, Nelson has already filed an appeal, and that appeal is docketed with the Third Circuit. See United States v. Nelson, No. 11-1746 (3d Cir.). Second, Nelson has also submitted to this court a request for a certificate of necessity. (See Doc. 237; infra Part II.E). Third, Nelson's allegations of bias and prejudice by this court are unfounded and have been previously addressed by this court on at least two prior occasions. (See Docs. 178, 183). Nelson's motions for extension of time are denied.

    C.    **Motions/Requests for Preservation of Phone Records and Investigation Notes**

Nelson requests that this court issue an order directing the government to preserve all notes and investigation materials regarding numerous investigations Nelson believes occurred in preparation for the prosecution of the above-captioned matter. (Doc. 228). Setting aside the issue of whether Nelson is entitled to the disclosure of the materials he seeks to have preserved, see FED. R. CRIM. P. 16(a)(2), his request is unnecessary as the government has a duty to preserve materials relevant to ongoing, active proceedings. See United States v. Sherman, 293 Fed. App'x 158, 160 (3d Cir. 2008) ("The government has a duty to preserve evidence that (1) possesses an apparent exculpatory value, and (2) is of such a nature that the defendant would be unable to obtain comparable evidence by other available

means.") (citing <u>California v. Trombetta</u>, 467 U.S. 479, 489 (1984)). The motion is denied.

Nelson also requests that the court order unknown telephone service providers to preserve the phone records of a multitude of individuals and entities (whose telephone numbers are also unknown to him) that he believes are, or were, involved in the government's purported outrageous government misconduct. (Doc. 231). The motion is denied. There is no basis whatsoever for the court to invade the privacy of the named individuals and entities in furtherance of Nelson's wild goose chase to uncover some purported massive conspiracy to "get him." The record is completely devoid of any evidence of Nelson's conspiratorial claims. (<u>See</u> Doc. 219, at 9-13). "Nelson's bald assertions . . . are a house of cards that fall quickly in the breeze of record scrutiny." (<u>Id.</u> at 13).

Finally, Nelson requests the court to order T-Mobile to preserve his own cellular telephone records. (Doc. 230). The court previously ordered T-Mobile to release the Pen Register for Nelson's cellular telephone, and Nelson has received those records. (Doc. 156). Nelson's assertions that his attorney altered those records are meritless. The motion is denied.

> **D.** **Motion for Arrest of Judgment/New Trial and Stay of Execution Request**

Nelson moves the court for arrest of judgment and new trial pursuant to Federal Rules of Criminal Procedure 33 and 34. (Doc. 225). In his motion, Nelson sets forth a list of issues he seeks to raise subsequent to the receipt of proceedings

transcripts.  He asserts that he intends to challenge the indictment on grounds of outrageous government misconduct and conflict of interest, to assert this court's purported bias, to raise claims of ineffective assistance of counsel, to contend his guilty plea was induced by prosecutorial and judicial misconduct, and to allege a conspiracy among the district court, prosecutors, and defense counsel to violate his constitutional rights.  (Id.)

Federal Rule of Criminal Procedure 33 allows the court "to vacate any judgment and grant a new trial if the interest of justice so requires."  FED. R. CRIM. P. 33.[1]  Nelson's invocation of Rule 33 is misplaced.  Nelson did not have a trial.  Nelson pled guilty, thereby waiving his right to trial.  Therefore, the validity of Nelson's guilty plea is not appropriately raised by way of a Rule 33 motion for new trial.  See United States v. Miller, 197 F.3d 644, 648 n.3 (3d Cir. 1999).  Furthermore, Nelson previously presented all of these arguments in his motion to withdraw his guilty plea, which the court rejected.  (Doc. 211).  The motion is denied.

Nelson also requests that this court stay sentencing in this matter.  (Doc. 226).  He asserts that his case involves complex issues for which he may need to seek the

---

[1] Nelson cites Rule 34 of the Federal Rules of Criminal Procedure as providing a basis for his motion.  Rule 34 requires the court to arrest judgment if: "(1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." FED. R. CRIM. P. 34.  Nelson alleges neither of these grounds for an arrest of judgment, nor would such allegations be successful.  The superceding indictment charges Nelson three offenses and cites to the specific United States Code provision purportedly violated.  (See Doc. 28).  Furthermore, the offenses, are alleged to have been committed in the Middle District of Pennsylvania.  (Id.)  Jurisdiction properly rests with this court.

assistance of counsel to completely understand his case and effectively present the issues on appeal. (Id.) The request is denied. The court has entertained Nelson's conspiracy theory on numerous occasions and will not revisit it again. Nelson has counsel and his appeal is stayed pending sentencing and judgment by this court. Sentencing will not affect Nelson's ability to present his case on appeal. There is simply no reason to stay sentencing in this matter.

### E. Request for Certificate of Necessity

Finally, Nelson's latest request asks the court for a certificate of necessity to the Third Circuit. (Doc. 237). Nelson again asserts that his prior counsel and the court are colluding to deny him his constitutional rights, and reasserts his belief that the court should allow him to withdraw his guilty plea. (Id.) The court construes this request as a motion for interlocutory appeal of this court's order denying Nelson's motion to withdraw his guilty plea. The motion is denied as so construed.

In criminal matters, the Court of Appeals lacks jurisdiction until after conviction and imposition of sentence. See 28 U.S.C. § 1291; see also Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989). The Supreme Court has created a narrow exception to this final judgment rule, known as the collateral order doctrine. Id. Interpreting the doctrine "'with the utmost strictness' in criminal cases," the Court has found only three types of criminal motions to be immediately appealable. Id. at 799 (citing Flanagan v. United States, 465 U.S. 259, 265 (1984)). These include: denials of motions to reduce bail, Stack v. Boyle, 342

U.S. 1 (1951), denials of motions to dismiss on double jeopardy grounds, <u>Abney v. United States</u>, 431 U.S. 651 (1971), and denials of motions to dismiss under the Speech or Debate Clause, <u>Helstoski v. Meanor</u>, 442 U.S. 500 (1979).  <u>See</u> also <u>Midland Asphalt Corp.</u>, 489 U.S. at 799.  The denial of Nelson's motion to withdraw his guilty plea is not one of the three immediately appealable orders.  Nor does it otherwise fall within the class of final collateral orders for which immediate appeal is appropriate.  <u>Id.</u>  (stating that "[t]o fall within the limited class of final collateral orders, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." (internal citations and quotations omitted)).  Accordingly, Nelson's motion for interlocutory appeal is denied.

### III.  **Conclusion**

For the reasons stated above, the requests (Docs. 226, 227, 230, 236, 237) and motions (Docs. 225, 228, 229, 231, 232, 235) for assorted relief are denied.

An appropriate order follows.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:          April 29, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:09-CR-0211** |
| v. : | **(Judge Conner)** |
| **ROBERT L. NELSON,** : | |
| **Defendant** : | |

## ORDER

AND NOW, this 29th day of April, 2011, upon consideration of the various requests and motions filed by defendant Robert Nelson, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the requests (Docs. 226, 227, 230, 236, 237) and motions (Docs. 225, 228, 229, 231, 232, 235) are DENIED.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge