**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO 1:09-CR-00211** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **ROBERT L. NELSON** | : | |

## MEMORANDUM

Presently before the court is defendant Robert L. Nelson's ("Nelson") *pro se* motion (Doc. 288) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255[1] and his motion (Doc. 289) to proceed *in forma pauperis*. For the reasons that follow, the court will deny Nelson's § 2255 motion and deny his motion to proceed *in forma pauperis* as moot.

## I.    Factual and Procedural Background

On July 1, 2009, Nelson and co-defendant Steven Ray Moreland ("Moreland") were indicted for possession with intent to distribute and conspiracy to distribute cocaine and cocaine base. (Doc. 1). On September 23, 2009, Nelson was charged in a three-count superseding indictment (Doc. 28) with: (1) possession with intent to distribute 50 grams and more of cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) conspiracy to distribute 50 grams and more of cocaine base and

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

cocaine, in violation of 21 U.S.C. § 846; and (3) being a felon in possession of a

firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[2]

During the course of post-arrest proceedings, the court provided Nelson with

three different court-appointed trial attorneys and one appellate attorney. (See

Docs. 55, 76, 220). Nelson's first trial attorney was Attorney Thomas Thornton

("Attorney Thornton"). Nelson filed a motion to remove Attorney Thornton on

October 6, 2009. (Doc. 46). The court granted the motion and appointed a second

trial attorney, John Yaninek ("Attorney Yaninek"). (See Doc. 55). On December 1,

2009, Nelson filed a motion to remove Attorney Yaninek. (Doc. 64). On January 12,

2010, the court held a hearing and appointed Attorney Jeffrey A. Conrad ("Attorney

Conrad") to represent Nelson. (Doc. 76).

Nelson, both *pro se* and through counsel, filed numerous letters and motions

prior to his ultimate guilty plea. (Docs. 69, 94, 100, 104, 106, 112, 121, 122, 124, 145,

146, 147, 148, 161, 162, 171, 175, 179, 180, 181, 182, 185, 186, 187). Ultimately, at

Nelson's request, the court removed Attorney Conrad and permitted Nelson to

proceed with self-representation. Attorney Conrad was designated as standby

counsel. (See Doc. 166). On the morning of December 6, 2010, immediately prior to

the start of jury selection, the court reinstated Attorney Conrad as defense counsel,

---

[2] Moreland was only charged in counts I and II of the superseding
indictment. (Doc. 28). On August 4, 2010, he pleaded guilty to a one count
information for misprision of a felony in violation of 18 U.S.C. § 4. (Doc. 141). This
court sentenced Moreland to a term of one year probation. (Doc. 201).

again at Nelson's request.  (See Doc. 210).  That same day, Nelson entered a guilty plea to all of the offenses in the superseding indictment.  (Doc. 195).

On December 16, 2010, Nelson sought to withdraw his guilty plea.  (See Doc. 202).  The court denied this motion after a hearing.  (See Doc. 219).  Attorney Laurence C. Kress ("Attorney Kress") was thereafter appointed for sentencing purposes.  (See Doc. 220).  On September 30, 2011, the court imposed a sentence of 235 months of imprisonment, a $2,000 fine, $300 in special assessments, and five years of supervised release.  (See Doc. 280).

Nelson appealed his sentence.  See United States v. Nelson, 488 F. App'x 552, 554 (3d Cir. 2012).  Attorney Kress represented Nelson in his appeal.  See id. Attorney Kress filed an Anders brief which identified the issues that Nelson could raise on appeal and concluded that all lacked merit.  Id.  The Third Circuit permitted Nelson to file two *pro se* briefs to raise additional grounds for appeal.  Id. at 553-554.  The Third Circuit concluded that all issues raised by Attorney Kress and Nelson lacked merit and affirmed the court's judgment of sentence.  Id. at 554.

On April 8, 2013, Nelson filed a motion to vacate under 28 U.S.C. § 2255.[3] (Doc. 288).  The motion is fully briefed and ripe for disposition.

---

[3] On April 8, 2013, Nelson also filed a motion to recuse and disqualify the undersigned.  (Doc. 287).  The court denied this motion.  (Doc. 293).  Nelson filed a motion for reconsideration on July 23, 2013.  (Doc. 304).  The court denied that motion on July 26, 2013.  (Doc. 306).

## II.  **Legal Standard**

Generally, a defendant may not use a § 2255 motion to relitigate questions previously raised and considered on direct appeal.  United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).  Further, a district court is not required to hold a hearing when the record conclusively shows that a movant is not entitled to relief.  United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008); see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.").

## III.  **Discussion**

Nelson argues that his sentence should be vacated on seven grounds.  Nelson alleges (1) judicial misconduct; (2) ineffective assistance of trial counsel; (3) prosecutorial misconduct; (4) that his guilty plea (Doc. 195) was not knowingly and intelligently entered; (5) ineffective assistance of direct appeal counsel; (6) the denial of his Sixth Amendment right to a speedy trial; and (7) the denial of his right to be present at a suppression hearing.  (Doc. 291 at iv).

As a threshold matter, the court notes that it previously disposed of Nelson's challenge to his guilty plea.  (See Doc. 219).  The Third Circuit specifically affirmed this court's denial of Nelson's motion to withdraw his guilty plea.  Nelson, 488 F. App'x at 554 ("In particular, we see no error in the District Court's denial of Nelson's request to withdraw his plea of guilty.").  The court declines to rehear

Nelson's argument on a previously litigated matter.  See DeRewal, 10 F.3d at 105 n.4.

Similarly, the majority of Nelson's arguments in the instant motion relate to a conspiracy theory that this court previously dismissed as ungrounded. (See Doc. 219 at 12-13).  In broad strokes, Nelson alleges that the court, the government, and Nelson's court-appointed attorneys colluded in various ways to conduct a "sham prosecution" of Nelson.  As the court noted in its memorandum denying Nelson's motion to withdraw his guilty plea, these allegations are meritless. (See Doc. 219 at 9-13).  The Third Circuit affirmed the court's disposition of these claims.  See Nelson, 488 F. App'x at 554.  To the extent that Nelson's allegations in the instant motion concern this conspiracy theory, the court declines to revisit them.  See DeRewal, 10 F.3d at 105 n.4.  Thus, the court disposes of Nelson's judicial misconduct,[4] prosecutorial misconduct, and ineffective assistance of trial counsel[5]

---

[4] Indeed, the court has repeatedly dismissed these same allegations of judicial misconduct in the context of Nelson's multiple motions for recusal. (See Docs. 175, 178, 182, 183, 287, 292).  Further, the Third Circuit has previously rejected Nelson's claims that the court should have recused.  See Nelson, 488 F. App'x at 553.

[5] Nelson argued on direct appeal that his trial attorneys provided him with ineffective assistance of counsel.  See Nelson, 488 F. App'x at 553.  Courts typically reserve ineffective assistance of counsel claims for disposition in § 2255 motions. United States v. Dwumaah, 181 F. App'x 309, 310 (3d Cir. 2006).  However, a narrow exception exists where the factual record is sufficient to allow a determination of the ineffective assistance of counsel claim.  Id. at 311.  At the time of appeal, the factual record was fully developed with regard to Nelson's conspiracy narrative and his outrageous government conduct claim upon which he based his ineffective assistance of counsel claims.  The Third Circuit found no merit to Nelson's ineffective assistance claims.

claims in their entirety. This leaves Nelson's allegations of ineffective assistance of direct appeal counsel, including the failure to raise the alleged denial of his Sixth Amendment right to a speedy trial, and the alleged denial of his right to be present at a suppression hearing. The court will address each issue in turn.

### A. Ineffective Assistance of Direct Appeal Counsel

Nelson contends that his appellate counsel was ineffective for failing to raise (1) the conflict of interest of trial counsel; (2) the trial court's abuse of discretion in various matters; (3) the violation of Nelson's Sixth Amendment right to a speedy trial; (4) the legal fact that a defendant cannot conspire with a government informant; and for failing to (5) consult with the defendant on the grounds for direct appeal. (Doc. 291 at 28).

The Sixth Amendment guarantee of effective assistance of counsel extends to the first appeal as of right. Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). The two-pronged Strickland v. Washington, 466 U.S. 668, 686 (1984), standard applies to a review of appellate counsel's decisions. See Lewis, 359 F.3d at 656. Under the first prong of Strickland, a defendant must show that counsel's performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defendant. Id. at 693. After consideration of Nelson's contentions, the court finds that Nelson is unable to establish that Attorney Kress's appellate performance was ineffective under either prong of Strickland.

1. *Failure to Raise Trial Counsel Misconduct and Court Misconduct*

Attorney Kress filed an <u>Anders</u> brief and did not raise Attorney Thornton's alleged conflict of interest and trial counsels' assorted alleged misconduct. However, the Third Circuit granted Nelson the opportunity to file a *pro se* brief. <u>Nelson</u>, 488 F. App'x at 553. Nelson raised these issues in his *pro se* brief. <u>Id.</u> Nelson also argued that the trial court abused its discretion in various ways in this brief. The Third Circuit found these claims to lack merit. <u>See</u> <u>Nelson</u>, 488 F. App'x at 554. Thus, Nelson cannot establish that his counsel's failure to raise these arguments on appeal was deficient or that such failure prejudiced him under <u>Strickland</u>.[6]

2. *Failure to Raise Speedy Trial Violations*

Nelson contends that Attorney Kress failed to raise an alleged violation of Nelson's right to a speedy trial; Nelson also raises this alleged violation as a separate claim for relief. Nelson argues that Attorney Conrad procured four continuances which allowed the court and the government to conceal their alleged misconduct and Attorney Thornton's conflict of interest.

The Sixth Amendment guarantees all criminal defendants the right to a speedy trial. U.S. CONST. Amend. VI. However, by knowingly and voluntarily

---

[6] Nelson also argues that Attorney Kress failed to assert that this court abused its discretion in denying Nelson's requests for (1) an expansion of discovery and (2) production of the government's confidential informant. These issues directly relate to Nelson's conspiracy theory, and Nelson fails to support his claims with facts or case law. Upon independent review, the court finds these claims to be without merit.

pleading guilty, Nelson waived his right to claim a violation of his right to a speedy trial. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992); Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989); United States ex rel. Jenkins v. Hendricks, 405 F.2d 182, 183 (3d Cir. 1968).

Moreover, Nelson's claim is clearly without merit. The vast majority of delay in this case is attributable to Nelson. (See Docs. 22, 25, 52, 60, 81, 88, 99, 116). Nelson's assertion that Attorney Conrad procured the continuances in connection with an alleged conspiracy between the court, the government, and defense counsel is simply baseless. Indeed, it is clear from the record that Attorney Conrad procured several continuances in order to obtain further discovery from the government and to prepare for trial. (See Docs. 81, 88, 99, 116). Attorney Conrad also endeavored to obtain additional evidence, such as phone records, at Nelson's insistence. (See, e.g., Doc. 258 at 13-22 (discussing Nelson's desire for Attorney Conrad to obtain phone records for his defense and Attorney Conrad explaining that "I've shared with my client that in order to develop the case I have to have time to get the information in order to develop it.")). Therefore, Nelson's claim fails and Attorney Kress did not err in failing to raise a violation of Nelson's right to a speedy trial on appeal.

3.    *Failure to Raise Defense to Conspiracy Charge*

Nelson also alleges that Attorney Kress provided ineffective assistance because Attorney Kress failed to apprise the Third Circuit that a conspiracy cannot take place with a government informant. Nelson's motion implies that Moreland

acted as a government informant. This inference is supported by the fact that the superseding indictment charges both Nelson and Moreland with conspiracy. (Doc. 28 at 2).

When Nelson pleaded guilty, he stipulated that he was guilty of the substantive offenses in the superseding indictment. As a result, he waived his right to a jury trial wherein the government would have had to prove his guilt on each charge beyond a reasonable doubt. The court informed Nelson during his guilty plea colloquy that in pleading guilty, he gave up his right to present any defense that he may have had to the charges. (Doc. 210 at 6). Nelson acknowledged that he understood this. (Id. at 7). In light of his guilty plea colloquy, Nelson cannot argue that his counsel was ineffective for failing to raise a defense to the conspiracy charge on appeal.

Further, such an appellate claim would require a factual determination that Moreland was a government informant, not a co-defendant. The record unequivocally reflects that Moreland was indeed a co-defendant.[7] Any defense relying on a characterization of Moreland as a government informant at the time of the criminal transaction lacks merit.

---

[7] Nelson's characterization of Moreland as an informant is not supported by the record. Moreland pleaded guilty to the charges against him. (See Doc. 138). In doing so, Moreland subjected himself to a maximum prison sentence of three years, a maximum fine of $250,000, and a maximum term of supervised release of up to three years. (Id. at 9). See United States v. Boffa, 89 F.R.D. 523 (D. Del. 1981) (noting that defendant failed to support allegation that co-defendant was a sham party because he provided no evidence to support this allegation and the government stated in its affidavit that co-defendant would plead guilty).

#### 4. *Failure to Consult with Defendant*

Nelson also cannot establish that he suffered prejudice as a result of Attorney Kress's alleged failure to consult with him on the grounds for the direct appeal. Nelson was provided with the opportunity to file a *pro se* appellate brief, which he supplemented with a second *pro se* appellate brief. He was given the opportunity to bring each claim he desired to raise on appeal. Thus, Nelson suffered no prejudice.

### B. Right to be Present at Suppression Hearing

Nelson further argues that he was denied his right to be present at a suppression hearing allegedly held in July 2010. On July 12, 2010, Attorney Conrad filed a motion to suppress certain post-arrest statements. (Doc. 124). On July 16, 2010, the government filed a response concurring in the motion. (Doc. 131). The court granted the motion without a hearing. (Doc. 132). Hence, Nelson received his requested relief without a hearing, and he was not denied the right to be present at any court proceeding. Nelson's claim to the contrary is meritless.

**IV.** **Conclusion**

For the foregoing reasons, the court will deny Nelson's motion to vacate (Doc. 288). Thus, Nelson's motion (Doc. 289) to proceed *in forma pauperis* is moot.[8] An appropriate order follows.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:     December 12, 2013

---

[8] There is no applicable filing fee for motions filed pursuant to § 2255. See R. GOVERNING § 2255 CASES R. 3 advisory committee's note 1976. Courts only consider applications to proceed *in forma pauperis* when necessary to "allow quicker disposition" of § 2255 motions by enabling the judge to "appoint counsel, order the government to pay witness fees, allow docketing of an appeal, and grant any other rights to which an indigent is entitled in the course of a § 2255 motion. . . ." Id. None of those actions are necessary in the case *sub judice,* and thus the motion is moot.