IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:09-CR-211 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **ROBERT L. NELSON** | : | |

## ORDER

AND NOW, this 4th day of November, 2015, upon consideration of the memorandum (Doc. 320) filed *pro se* by defendant Robert L. Nelson ("Nelson"), styled as a memorandum in support of a motion for relief pursuant to Federal Rule of Civil Procedure 60(d)(3), but the court noting that no motion has been filed of record, and thus construing the memorandum itself as a motion in deference to Nelson's *pro se* status, and it appearing that Nelson seeks *vacatur* of his conviction and sentence and immediate release from custody of the federal Bureau of Prisons on the basis that his conviction was the result of "fraud on the court," FED. R. CIV. P. 60(b)(3), and it also appearing that, as the basis for his claims, Nelson attacks his guilty plea, conviction, and sentence, asserting the same conspiracy and collusion theories previously rejected by this court during pretrial motion practice, (see Doc. 219), and in denying Nelson's motion pursuant to 28 U.S.C. § 2255, see United States v. Nelson, No. 1:09-CR-211, 2013 WL 6406747, at *2-4 (M.D. Pa. Dec. 12, 2013), and the court noting: *first*, that Rule 60(b)(3) is a rule of *civil* procedure without a criminal procedural counterpart, and that federal district courts are without power "to vacate a judgment procured by fraud in the *criminal* context," United States v. Washington, 549 F.3d 905, 913-14 (3d Cir. 2008), and, as such, a district court cannot

apply the rule to vacate an underlying conviction and sentence, see, e.g., United States v. Spikes, No. 08-201, 2015 WL 5460567, at *2-3 (E.D. Pa. Sept. 14, 2015); see also Hardaway v. United States, No. 3:12-CV-2168, 2013 WL 432927, at *2 (M.D. Pa. Feb. 4, 2013); *second*, that the proper vehicle for Nelson's pursuit of *vacatur* of his criminal conviction and sentence is a motion pursuant to 28 U.S.C. § 2255, which is "the usual avenue for federal prisoners seeking to challenge the legality of their confinement," In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); and *third*, that Nelson has already sought and been denied § 2255 relief before this court, see United States v. Nelson, No. 1:09-CR-211, 2013 WL 6406747, at *2-4 (M.D. Pa. Dec. 12, 2013), the Third Circuit found no basis to issue a certificate of appealability, see United States v. Nelson, No. 13-4820 (3d Cir. June 10, 2014), and the Supreme Court of the United States has denied Nelson's petition for writ of *certiorari*, see Nelson v. United States, ___ U.S. ___, 135 S. Ct. 731 (2014), and that Nelson's instant motion is thus appropriately construed as a second or successive motion under § 2255 which cannot proceed without prior authorization of the Third Circuit Court of Appeals, see 28 U.S.C. §§ 2244(3)(A), 2255(h), it is hereby ORDERED that:

1. Nelson's *pro se* memorandum (Doc. 320) is construed as a motion pursuant to 28 U.S.C. § 2255 and DENIED as so construed.

2. The court finds no basis to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); R. GOVERNING § 2255 CASES 11(a).

    /S/ CHRISTOPHER C. CONNER
    Christopher C. Conner, Chief Judge
    United States District Court
    Middle District of Pennsylvania